UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KOTEMA NOBLE,                                           **AMENDED COMPLAINT**

                         Plaintiff,

                                                       11 Civ. 7216 (WHP)

-against-

CITY OF NEW YORK, MICHAEL GONZALEZ, KONATA     Jury Trial Demanded
PLACIDE, DANIEL GUIDA, and ABRAHAM CARABALLO,
Individually and in their Official Capacities,

                                   Defendants.
-------------------------------------------------------------------X

Plaintiff KOTEMA NOBLE, by his attorney, The Trainor Law Firm, P.C., complaining

of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff KOTEMA NOBLE is a thirty-seven year old African-American man and United States citizen who resides in Kings County, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "the NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MICHAEL GONZALEZ, KONATA PLACIDE, DANIEL GUIDA, and ABRAHAM CARABALLO were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

10. The individually named defendants are sued in their individual and professional capacities for the conduct alleged herein.

11. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On February 12, 2011, at approximately 5:30 a.m., plaintiff was lawfully present inside of the premises located at 549-555 F.D.R. Drive (Baruch Houses Building 3), New York, New York, as a lawful invitee and guest of Alex Ruiz, plaintiff's friend and a resident of Baruch Houses Building 3.

14. While plaintiff was lawfully inside of the aforementioned location, the defendant-officers approached him, pointed their firearms at him, and seized him. Plaintiff explained to the defendant-officers that he was in the building to visit his friend, Alex Ruiz, who lived in said building. The defendant-officers, however, arrested plaintiff without investigating his lawful explanation for his presence in said location.

15. The defendant-officers placed handcuffs on plaintiff's wrists, and defendants PLACIDE and CARABALLO transported him to a police precinct, where plaintiff was imprisoned.

16. The defendant-officers imprisoned plaintiff until his arraignment in New York County Criminal Court on baseless charges filed under docket number 2011NY010852; said charges having been filed based upon the false allegations of defendant PLACIDE who was informed by the false allegations of defendant GONZALEZ. Defendants PLACIDE and GONZALEZ falsely alleged that plaintiff was trespassing at the aforementioned location. The defendant-officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their aforementioned abuse of authority.

17. Defendants PLACIDE's and GONZALEZ's sworn allegations to the People of the State of New York, and to the New York County Criminal Court, caused plaintiff to be transported to and incarcerated in a New York City Department of Correction jail after his arraignment. Plaintiff was imprisoned in the Manhattan Detention Complex from on or about February 12, 2011 until on or about March 15, 2011.

18. The malicious prosecution and false imprisonment continued until prison officials transported plaintiff from the Manhattan Detention Complex to Criminal Court on March 15, 2011, when the false charge of Criminal Trespass against plaintiff, based on the false allegations of the defendant-officers, was dismissed and sealed in New York County Criminal Court on that date.

19. All of the above occurred while other NYPD officers, including, but not limited to, defendants GUIDA and CARABALLO, were present and failed to intervene in the illegal conduct described herein.

20. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, and compensating and supervising its employees.

21. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the NYPD defendants, abuse their authority and are insufficiently trained on the investigation of individuals present in buildings, and have repeatedly arrested individuals for trespassing offenses in buildings in which said individuals were lawfully present.

22.     Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendant-officers in the present case to violate plaintiff's civil rights.

23.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the defendant-officers in this case lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24.     As a result of the foregoing, plaintiff KOTEMA NOBLE sustained, *inter alia*, physical and mental injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.     All of the aforementioned acts of the defendants, their agents, servants and employees were carried out under the color of state law.

27.     All of the aforementioned acts deprived plaintiff KOTEMA NOBLE, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants arrested plaintiff KOTEMA NOBLE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33. Defendants caused plaintiff KOTEMA NOBLE to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants initiated, commenced and continued a malicious prosecution against

plaintiff KOTEMA NOBLE.

36. Defendants caused plaintiff KOTEMA NOBLE to be prosecuted without any probable cause until the charges were dismissed outright on or about March 15, 2011, resulting in a favorable termination for plaintiff.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants issued criminal process against plaintiff KOTEMA NOBLE by causing his arrest and prosecution in New York County Criminal Court.

39. Defendants caused plaintiff KOTEMA NOBLE to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants had an affirmative duty to intervene on behalf of plaintiff KOTEMA NOBLE, whose constitutional rights were being violated in their presence by other officers.

42. The defendants failed to intervene to prevent the unlawful conduct described herein.

43. As a result of the foregoing, plaintiff KOTEMA NOBLE's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and

subjected to handcuffing, other physical restraints, and ultimately an extended period of incarceration.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The defendants falsely arrested and maliciously prosecuted plaintiff KOTEMA NOBLE because of plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

46. As a result of the foregoing, plaintiff KOTEMA NOBLE was deprived of his rights under the Equal Protection Clause of the United States Constitution.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

49. As a result of the foregoing, plaintiff KOTEMA NOBLE was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority that is forbidden by the Constitution of the United States.

52. The aforementioned customs, policies, usages, practices, procedures, and rules of the NYPD included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals. Additionally, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating, and supervising its employees that was the driving force behind the violation of plaintiff KOTEMA NOBLE's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

53. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff KOTEMA NOBLE.

54. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff KOTEMA NOBLE as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NYPD were the driving force behind the constitutional violations suffered by plaintiff KOTEMA NOBLE as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures, and

rules of the CITY OF NEW YORK and the NYPD, plaintiff KOTEMA NOBLE was unlawfully arrested and searched, unlawfully incarcerated, and maliciously prosecuted.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KOTEMA NOBLE's constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff KOTEMA NOBLE of federally protected rights, including, but not limited to, the right:

      A. Not to be deprived of liberty without due process of law;

      B. To be free from false arrest/unlawful imprisonment;

      C. To be free from the failure to intervene;

      D. To be free from malicious prosecution;

      E. To be free from malicious abuse of process; and

      F. To receive equal protection under the law.

59. As a result of the foregoing, plaintiff KOTEMA NOBLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## SUPPLEMENTAL STATE LAW CLAIMS

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

62. The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

63. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

64. Plaintiff has complied with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in N.Y. C.P.L.R. § 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants arrested plaintiff KOTEMA NOBLE without probable cause.

68. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

69. As a result of the aforementioned conduct, plaintiff KOTEMA NOBLE was unlawfully imprisoned in violation of the laws of the State of New York.

70. As a result of the aforementioned conduct, plaintiff KOTEMA NOBLE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. As a result of the foregoing, plaintiff KOTEMA NOBLE was placed in apprehension of imminent harmful and offensive bodily contact.

73. As a result of defendants' conduct, plaintiff KOTEMA NOBLE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants made offensive contact with plaintiff KOTEMA NOBLE without privilege or consent.

76. As a result of defendants' conduct, plaintiff KOTEMA NOBLE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants initiated, commenced and continued a malicious prosecution against plaintiff KOTEMA NOBLE.

79. Defendants caused plaintiff KOTEMA NOBLE to be prosecuted without probable cause until the charges were dismissed on or about March 15, 2011.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants issued criminal process against plaintiff KOTEMA NOBLE by causing him to be arrested, arraigned and prosecuted in Criminal Court.

82. Defendants caused plaintiff KOTEMA NOBLE to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. The aforementioned conduct committed by defendants was extreme and outrageous, and exceeded all reasonable bounds of decency.

85. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

86. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

87. The aforementioned conduct committed by defendants was intentional and for the sole purpose of causing severe emotional distress to plaintiff KOTEMA NOBLE.

88. As a result of the aforementioned conduct, plaintiff KOTEMA NOBLE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, search, prosecution, and incarceration of plaintiff KOTEMA NOBLE.

91. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct alleged in this Complaint.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the defendants who conducted and participated in the arrest, search, prosecution, and incarceration of plaintiff KOTEMA NOBLE.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of defendant CITY OF NEW YORK and its employees and agents, who were on duty

and acting in the scope of their employment when they engaged in the wrongful conduct described in this Complaint.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described in this Complaint.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 § 11)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. As a result of defendants' conduct, plaintiff KOTEMA NOBLE was deprived of his right to equal protection of the law.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 § 12)

100. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. As a result of the defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

102. As a result of the foregoing, plaintiff KOTEMA NOBLE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff KOTEMA NOBLE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 18, 2012

Respectfully submitted,

**THE TRAINOR LAW FIRM, P.C.**
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 300-6557

By: _____
CRAIG TRAINOR (CT 1823)

Attorney for Plaintiff KOTEMA NOBLE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KOTEMA NOBLE,

                              Plaintiff,                          11 Civ. 7215 (WHP)

      -against-

CITY OF NEW YORK, MICHAEL GONZALEZ,
KONATA PLACIDE, DANIEL GUIDA, and ABRAHAM
CARABALLO, Individually and in their Official Capacities,

                             Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**THE TRAINOR LAW FIRM, P.C.**
Attorney for the Plaintiff
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 300-6557